## ASA FARR *vs.* EDWARD FLOOD.

The kindred by affinity of any poor person cannot maintain a complaint under Rev. Sts. c. 46, § 6, against the father of such person for the expenses of his relief and support.　The term "any kindred" in that section, extends only to kindred by consanguinity.

COMPLAINT under Rev. Sts. *c.* 46, § 6, for the support of a pauper.　It was submitted to the court of common pleas, and by appeal to this court, upon an agreed statement of facts. The respondent is the father of James Flood, who is wholly unable to support himself by labor, and is without property. Said James left his father's house in the year 1841, and was supported by an aunt until September, 1847.　He boarded with complainant, who married a sister of his mother, from 4th October, 1847, to 6th March, 1848.　The respondent possesses a competent fortune, and is retired from business, but in answer to a demand from the complainant to pay for the board of said James, answered that, "his son was of age, and he would do nothing for him."

*E. G. Dudley*, for the complainant.

*J. P. Healy*, for the respondent.

Farr *v.* Flood.

METCALF, J. The Rev. Sts. *c.* 46, § 5, provide that the kindred of any pauper, "in the line or degree of father or grandfather, mother or grandmother, children or grandchildren, by consanguinity, living within this State, and of sufficient ability, shall be bound to support such pauper, in proportion to their respective ability." By section 6, " the court of com- mon pleas in the county where any one of such kindred to be charged shall reside, upon complaint made by any town, or by any kindred, who shall have been at any expense for the relief and support of such pauper, may, on due hearing, assess and apportion upon such of the kindred as they shall find to be of sufficient ability, and in proportion thereto, for or towards the support of the pauper, to the time of such assessment, and may enforce payment thereof, by an execution in common form." By section 11, " upon a suggestion that there are other kindred of ability, not summoned in the original process, such other kindred may be summoned, and after due notice, the court may proceed against them, in the same manner as if they had been summoned upon the original complaint." These are reënactments of the provisions of *St.* 1793, *c.* 59, § 3.

One of the kindred of a pauper, by affinity, and not in the line or degree of father or grandfather, child or grandchild, by consanguinity, has supported him, and now asks the court to assess upon his father a reasonable sum for such support, and enforce payment thereof by execution. And his counsel relies on the letter of section 6, by which the court, upon complaint of " any kindred " who shall have been at any expense for the relief and support of such pauper, may assess and apportion upon such of the kindred as they shall find to be of sufficient ability, such sum as they shall judge reasonable. But we think it manifest that the words " any kindred," as here used, mean the kindred enumerated in section 5, and who are pre- viously, in the same section 6, termed " kindred to be charged ; " just as the subsequent words " such of the kindred " as the court shall find to be of sufficient ability, mean those who are previously termed " kindred supposed to be chargeable." The words " any kindred," and " the kindred," in section 6, and the words " other kindred of ability " in section 11, include

only the kindred by consanguinity, mentioned in the fifth section. Any other construction would lead to preposterous results. The statute has provided relief for those kindred only upon whom it has imposed a burden.

*Judgment for the respondent.*